**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARC-LANDRY K. DJAMOU | : | CIVIL ACTION NO. |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| PROGRESSIVE ADVANCED INS. CO. | : | **JURY TRIAL DEMANDED** |
| *Defendant* | : | |

**CIVIL ACTION COMPLAINT WITH JURY DEMAND**

**I.   PARTIES**

1.   Plaintiff, Marc-Landry K. Djamou, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 20 Vinebury Lane, Coatesville, PA 19320.

2.   Defendant, Progressive Advanced Insurance. Co. (Hereinafter "Progressive"), was and is now a business entity, duly organized and existing under the laws of the State of Ohio and authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, with its corporate headquarters and principal place of business located at 6300 Wilson Mills Road, Mayfield, OH 44143.

**II.   JURISDICTION AND VENUE**

3.   Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. § 1332.

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

**III.   STATEMENT OF CLAIMS**

5.   At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and

1

scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

6. At all times material hereto, Plaintiff, Marc-Landry K. Djamou, was insured by Defendant, Progressive, under a policy of automobile insurance which provided for underinsured motorist benefits, policy number 946262359. A copy of the Declaration Pages for policy number 946262359 covering the date of the accident at issue in this matter are attached as Exhibit "A" and incorporated by reference.

7. On or about March 24, 2024, Plaintiff, Marc-Landry K. Djamou, was operating a certain 2023 Mercedes-Benz EQE 350, with Pennsylvania license plate # KNA8262, traveling on 176 toward the King of Prussia Mall, in Upper Merion Township, Montgomery County, Pennsylvania, which was involved in the motor vehicle accident hereinafter described.

8. On or about March 24, 2024, Plaintiff, Marc-Landry K. Djamou, was lawfully operating the aforesaid motor vehicle and was traveling on I76 toward the King of Prussia Mall, in Upper Merion Township, Montgomery County, Pennsylvania, when, suddenly and without warning, a 2015 Chevrolet motor vehicle owned and operated by the third-party tortfeasor, Matthew Vincent Thompson, Jr., struck the rear of the Plaintiff's vehicle, causing a violent collision with Plaintiff's motor vehicle with such force so as to cause Plaintiff to sustain severe and permanent injuries as described more fully hereinafter.

9. At the time of the aforementioned accident, the motor vehicle operated by Matthew Vincent Thompson, Jr. was insured under policy of automobile insurance issued by USAA General Indemnity Company.

10. The aforementioned accident was caused solely by the negligence and carelessness of Matthew Vincent Thompson, Jr. and was not the result of any actions or inactions on the part of Plaintiff, Marc-Landry K. Djamou.

11. By reason of the aforesaid accident, Plaintiff, Marc-Landry K. Djamou, has suffered severe and permanent injuries including, but not limited to: cervical disc protrusion at the C4-C5 level, shallow disc bulging in the midline at C2-C3, C3-C4 and C5-C6, disc bulging to the left at C6-C7, neck and shoulder pain; as well as aches, pains, mental anxiety, anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

12. As a further result of the accident, Plaintiff, Marc-Landry K. Djamou, has or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

13. As a further result of the accident, Plaintiff, Marc-Landry K. Djamou, has or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period of time in the future.

14. As a direct and reasonable result of the accident aforementioned, Plaintiff, Marc-Landry K. Djamou, may hereafter incur other financial expenses or losses which do or may exceed the amounts which he may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which he claims damages herein.

15. Further, by reason of the aforesaid accident, Plaintiff, Marc-Landry K. Djamou, has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

16. As a further result of the accident, Plaintiff, Marc-Landry K. Djamou, has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

17. USAA General Indemnity Company tendered the limits of the third-party automobile bodily injury policy to resolve Plaintiff's claims against Matthew Vincent Thompson, Jr.

18. As required by Defendant's policy, Plaintiff requested consent from Defendant to settle the underlying matter with USAA General Indemnity Company, which consent was granted. See Exhibit "B".

19. Notice of the aforesaid covered loss and Plaintiff's intent to pursue underinsured motorist benefits was provided to the Defendant, Progressive, in a prompt and timely manner by Plaintiff and, at all times relevant hereto, Plaintiff fully complied with all of the terms and conditions required by the policy.

20. Plaintiff demands underinsured motorist benefits in the amount of the Policy limits.

21. Defendant, Progressive, despite Plaintiff's demand for underinsured motorist benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay to the Plaintiff monies owed for the injuries suffered as a result of the aforesaid loss. A copy of Plaintiff's May 27, 2025 Demand Letter is attached as Exhibit "C".

22. As a result of the Defendant Progressive's failure and refusal to pay reasonable benefits to the Plaintiff as required under the Policy, Plaintiff has suffered losses and damages.

## COUNT I
## MARC-LANDRY K DJAMOU v. PROGRESSIVE ADVANCED INSURANCE. CO.
## BREACH OF CONTRACT

23. Plaintiff hereby incorporate by reference paragraphs one (1) through twenty-two (22) of the within Complaint, as though the same were fully set forth at length herein.

24. Defendant, Progressive, has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

25. Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

26. Defendant owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

27. For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

28. Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

29. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which she is entitled under the policy.

30. Defendant's denial of coverage was made without a reasonable basis in fact.

31.   Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Marc-Landry K. Djamou, demands judgment in his favor and against Defendant in an amount in excess of $150,000.00.

**COUNT II**
**MARC-LANDRY K DJAMOU v. PROGRESSIVE ADVANCED INSURANCE. CO.**
**BAD FAITH– 42 PA. C.S.A. §8371**

32.   Plaintiff hereby incorporate by reference paragraphs one (1) through thirty-one (31) of the within Complaint as though the same were fully set forth at length herein.

33.   Defendant, Progressive, has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. §8371, et seq.

34.   In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, have engaged in the following conduct:

    (a)   failing to evaluate Plaintiff's claim objectively and fairly;

    (b)   failing to complete a prompt and thorough investigation of Plaintiff's claim;

    (c)   failing to pay Plaintiff's covered loss in a prompt and timely manner;

    (d)   conducting an unfair and unreasonable investigation of Plaintiff's claim;

    (e)   failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

    (f)   failing to keep the Plaintiff or his representatives fairly and adequately advised as to the status of the claim;

    (g)   unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or his representatives;

  (h)  failing to make a reasonable settlement offer to Plaintiff;

  (i)  unreasonably withholding policy benefits;

  (j)  acting unreasonably and unfairly in response to Plaintiff's claim, and

  (k)  unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

35. For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa. C.S.A. §8371, for which the Defendant is liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

WHEREFORE, Plaintiff, Marc-Landry K. Djamou, demands judgment in his favor for compensatory and punitive damages against Defendant in an amount in excess of $150,000.00.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

            Respectfully,

            **SWARTZ CULLETON FERRIS TRIAL LAWYERS**

           By: /s/ Matthew E. Gallagher
              Matthew E. Gallagher, Esquire
              Identification No. 316086
              547 E. Washington Avenue
              Newtown, PA 18940
              T: (215) 550-6553
              F: (215) 550-6557
              mgallagher@swartzculleton.com

              *Attorney for Plaintiff*
Date: December 9, 2025       Marc-Landry K. Djamou

# EXHIBIT A

PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631



MARC-LANDRY DJAMOU
20 VINEBURY LN
E FALLOWFIELD, PA 19320

Policy Number:  946262359
Underwritten by:
Progressive Advanced Insurance Co
March 23, 2024
Policy Period:  Feb 14, 2024 - Aug 14, 2024
Page 1  of   3

progressive.com
**Online Service**
Make payments, check billing activity, update policy information or check status of a claim.

**1-800-776-4737**
For customer service and claims service,
24 hours a day, 7 days a week.

## Auto Insurance Coverage Summary
This is your Declarations Page
Your coverage has changed

Your coverage began on February 14, 2024 at 12:01 a.m.  This policy expires on August 14, 2024 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle, unless the policy contract or endorsements indicate otherwise. The policy contract is form 9611D PA (02/16). The contract is modified by forms Z357 (01/07) and A230 (11/16).

## COLLISION COVERAGE FOR RENTAL VEHICLES
**IF THIS POLICY PROVIDES COLLISION COVERAGE, IT WILL APPLY TO VEHICLES YOU RENT, BUT NOT TO VEHICLES RENTED FOR 6 MONTHS OR MORE.**

## FRAUD NOTICE
Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

## Policy changes effective March 23, 2024

| | |
|---|---|
| Changes requested on: | Mar 23, 2024 05:06 p.m. |
| Requested by: | Marc-Landry DJAMOU |
| Premium change: | -$54.56 |
| Changes: | The 2023 NISSAN ROGUE has been added. |
| | The 2021 NISSAN SENTRA has been removed. |

The changes take effect as of the date and time requested shown above.

## Underwriting Company
Progressive Advanced Insurance Co
P.O. Box 31260
Tampa , FL 33631
1-800-776-4737

## Drivers and resident relatives

| | Additional information |
|---|---|
| Marc-Landry DJAMOU | First Named insured |

Form 6489 PA (08/19)

Continued

Policy Number: 946262359
Marc-Landry DJAMOU
Page 2 of 3

Dahoua P Ehounou

## Outline of coverage

### 2023 MERCEDES-BENZ EQE350 4 DOOR SEDAN
VIN: **4JGGM1CB9PA011052**

Garaging ZIP Code: 19320

Primary use of the vehicle: Pleasure/Personal

Length of vehicle ownership when policy started or vehicle added: Less than 1 month

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $134 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $100,000 each accident | | |
| First Party Benefits | | | 10 |
|   Medical Expenses | $5,000 each person | | |
| Uninsured Motorist - Stacked | $100,000 each person/$300,000 each accident | | 7 |
| Underinsured Motorist - Stacked | $100,000 each person/$300,000 each accident | | 25 |
| Comprehensive | Actual Cash Value | $500 | 461 |
| Collision | Actual Cash Value | $500 | 533 |
| Rental Reimbursement | up to $40 each day/maximum 30 days | | 13 |
| Loan/Lease Payoff | 25% Of The Actual Cash Value | | 32 |
| Roadside Assistance | | | 5 |
| Total premium for 2023 MERCEDES-BENZ | | | **$1,220** |

### 2023 NISSAN ROGUE 4 DOOR WAGON
VIN: **5N1BT3BB8PC879221**

Garaging ZIP Code: 19320

Primary use of the vehicle: Commute

Length of vehicle ownership when policy started or vehicle added: At least 1 month but less than 1 year

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $159 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $100,000 each accident | | |
| First Party Benefits | | | 11 |
|   Medical Expenses | $5,000 each person | | |
| Uninsured Motorist - Stacked | $100,000 each person/$300,000 each accident | | 7 |
| Underinsured Motorist - Stacked | $100,000 each person/$300,000 each accident | | 27 |
| Comprehensive | Actual Cash Value | $500 | 96 |
| Collision | Actual Cash Value | $500 | 162 |
| Rental Reimbursement | up to $40 each day/maximum 30 days | | 12 |
| Total premium for 2023 NISSAN | | | **$474** |
| **Total 6 month policy premium** | | | **$1,694.00** |

## Premium discounts

| Policy | |
|---|---|
| 946262359 | Multi-Policy, Paid in Full, Home Owner, Online Quote, Multi-Car, Continuous Insurance: Platinum, Paperless and Three-Year Safe Driving |

Form 6489 PA (08/19)


Continued

Policy Number: 946262359
Marc-Landry DJAMOU
Page 3 of 3

| Vehicle | |
|---|---|
| 2023 MERCEDES-BENZ EQE350 | Driver and Passenger-side Airbag, Passive Anti-theft Device and Smart Technology Discount |
| 2023 NISSAN ROGUE | Driver and Passenger-side Airbag, Passive Anti-theft Device and Smart Technology Discount |

Smart Technology Discount ℠ is a service mark of Progressive Casualty Ins. Co.

## Lienholder and additional interest information

| Vehicle | Lienholder | Additional interest |
|---|---|---|
| 2023 MERCEDES-BENZ EQE350 4JGGM1CB9PA011052 | MERCEDES BENZ CR ROANOKE, TX 76262 | MERCEDES BENZ CR ROANOKE, TX 76262 |
| 2023 NISSAN ROGUE 5N1BT3BB8PC879221 | NISSAN-INFINITI LT DALLAS, TX 75266 | NISSAN-INFINITI LT DALLAS, TX 75266 |

## Tort Option

This policy provides limited tort insurance.

## Company officers

*Meghan Driesen*

President

*[signature]*

Secretary

Form 6489 PA (08/19)

# EXHIBIT B

| | |
|---|---|
| **From:** | Margaret Mary Burke |
| **To:** | Tzvi Weimer |
| **Cc:** | Matthew Gallagher; Brandon Swartz; Adi Brownstein; Thea Wegimont |
| **Subject:** | Marc-Landry Djamou - UIM Claim-24-7773716 |
| **Date:** | Monday, May 19, 2025 5:07:59 PM |
| **Attachments:** | image001.jpg |

> This is the first time you received an email from this sender (Margaret_Burke@Progressive.com). Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

This letter will serve to confirm that Progressive Advanced Insurance Company will waive subrogation rights against Matthew Thompson in the above matter. Accordingly, you may proceed with the underlying third party settlement with USAA and execute a general release in this matter.

Please advise if Matthew Thompson has his own excess liability coverage available, as he is not named on David Betsy's Declarations Page. This is needed to determine the UIM set-off amount.

Please forward a complete settlement package at your earliest convenience so I can move forward with my evaluation of the UIM claim being presented.

Thank you for your cooperation and courtesy.

Margaret Mary Burke

Progressive

PO Box 94670

Cleveland, OH 44101-9919

610-276-4721

**From:** Tzvi Weimer
**Sent:** Monday, May 19, 2025 3:32 PM
**To:** Margaret Mary Burke
**Cc:** Matthew Gallagher ; Brandon Swartz ; Adi Brownstein ; Thea Wegimont
**Subject:** [EXTERNAL] 24-7773716

Good afternoon Margaret, please find attached defendant dec page and BI Release for our client Marc Djamou. We are seeking your consent to settle. Thank you.

**Thank you & Best wishes,**

**Tzvi Weimer**

Legal Assistant to Brandon Swartz, Esq.



547 E. Washington Avenue

Newtown, PA 18940

215-550-6553 Ext. 134 | Fax: 215-550-6557

*We strive to be a paperless office. I encourage you to send all correspondence, pleadings, discovery, production and every other transmittable item via email or fax instead of US Mail when at all possible. When this form of transmittal occurs, it is not necessary to send a separate copy via US Mail.*

**CAUTION:** This email originated from outside of the organization. Do not click links or open

attachments unless you recognize the sender and know the content is safe.

# EXHIBIT C

# SWARTZ CULLETON FERRIS
## TRIAL LAWYERS

Christopher J. Culleton, Esquire*

Brandon A. Swartz, Esquire*

Bryan M. Ferris, Esquire*

Todd M. Felzer, Esquire*
Chairperson of the Workers
Compensation Department

Matthew E. Gallagher, Esquire

Larissa K. Staszkiw, Esquire

Maria K. McGinty-Ferris, Esquire

Anton R. Tupa, Esquire

Anthony Giannetti, Esquire

Adam Shorr, Esquire

Matthew J. McElvenny, Esquire

Natan M. Schwartz, Esquire

Devorah Peretz, Esquire

Thomas Cappello, Esquire

James L. Cartwright, Esquire

Caroline Fruchter, Esquire

*Partner

Please reply to:
547 E. Washington Avenue
Newtown, PA 18940

Phone: 215-550-6553
Fax: 215-550-6557

Website:
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
bferris@swartzculleton.com
tfelzer@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
agiannetti@swartzculleton.com
ashorr@swartzculleton.com
mmcelvenny@swartzculleton.com
nschwartz@swartzculleton.com
dperetz@swartzclleton.com
tcappello@swartzculleton.com
jcartwright@swartzculleton.com
cfruchter@swartzculleton.com

May 27, 2025

**Progressive Insurance**
**Margaret Mary Burke**
mburke1@progressive.com
**(Demand Emailed)**

    RE:    Our Client:    MARC DJAMOU
           Date of Loss:  3/24/24
           Your Insured:  MARC DJAMOU
           Claim #:       24-7773716

**Dear Ms. Burke,**

    Enclosed, please find plaintiff's specials package in this matter. As you know the third-party defendant has offered its policy limits of **$25,000. MARC DJAMOU's** damages far exceed those policy limits. This is to advise you that our client has authorized us to settle this claim in the amount of the underinsured policy limits.

This offer to settle in the amount of the policy limits will remain open for a period of thirty (30) days, or until **June 27, 2025**. Should you feel that this time is not reasonable for you to evaluate this case completely and fully to protect your insured by offering your policy limits, please contact us. Should this offer not be accepted by **June 27, 2025**, it is our intention to proceed to trial and obtain a verdict, plus delay damages, in excess of our policy limits demand. Any verdict that the jury renders will be entered against **Progressive Insurance.**

    I look forward to hearing from you at your earliest convenience.

Very truly yours,

SWARTZ CULLETON PC

Brandon Swartz

BAS/tzw
Enclosures

